# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| JESSICA SCULLY, | : | Case No. 1:17-cv-685 |
| Plaintiff, | : | Judge Timothy S. Black |
| vs. | : | |
| HAMILTON COUNTY DEVELOPMENTAL DISABILITIES SERVICES, *et al.*, | : | |
| Defendants. | : | |

## ORDER
## MEMORIALIZING TELECONFERENCE AND
## PROVIDING ADDITIONAL DIRECTION

This civil action came before the Court for a status conference by telephone on November 9, 2020 at 12:00 noon. Plaintiff Jessica Scully appeared *pro se* (*i.e.*, without counsel). Attorney Keona Padgett appeared on behalf of Defendant M.C. Mobility Systems. Attorney Ian Smith appeared on behalf of Defendants Hamilton County Developmental Disabilities Services ("HCDDS"), Jerry Clark, Alice Pavey, and Allison Leedy. Jennifer Meadows, a Director for HCDDS, also called into the teleconference.

Below, the Court memorializes the key matters discussed at the teleconference and provides the parties with additional direction. Additionally, the Court requires the parties to provide it with a status update on certain issues. As explained at the teleconference, Plaintiff, Ms. Padgett, and Mr. Smith shall <u>each</u> provide the Court with an email status update on November 13, 2020. Plaintiff, Ms. Padgett, and Mr. Smith shall send their

email status updates to black_chambers@ohsd.uscourts.gov. Additionally, Plaintiff, Ms. Padgett, and Mr. Smith shall each copy each other on their email status updates.[1]

**A. Plaintiff's lift**

First, Plaintiff's lift was discussed. Plaintiff has indicated that her lift needs to be fixed.

Prior to the teleconference, HCDDS informed the Court that it would not be able to fix Plaintiff's lift until after Plaintiff provided HCDDS with a "My Plan revision" form. HCDDS explained that, under the "Medicaid Waiver Rule," all equipment/services it provides need to be approved by the recipient. Additionally, HCDDS explained that its standard method for obtaining approval is to have the recipient sign a My Plan revision form. HCDDS represented that it had not been able to procure a My Plan revision form from Plaintiff.

At the teleconference, HCDDS indicated that Plaintiff had recently provided HCDDS with a My Plan revision form. And, as a result, HCDDS indicated that it had sent Plaintiff a remote for the lift.[2] In their November 13, 2020 email status updates, Plaintiff, Ms. Padgett, and Mr. Smith **SHALL** inform the Court: (1) whether HCDDS's provision of the remote to Plaintiff will fully resolve Plaintiff's concerns regarding the lift; and, if not (2) what additional repairs remain outstanding; and (3) what additional documents/cooperation HCDDS needs to fully fix the lift.

---

[1] So, *e.g.*, Plaintiff shall copy both Ms. Padgett (at kpadgett@reminger.com) and Mr. Smith (at irsmith@mimlaw.com) on her email status update to the Court.

[2] HCDDS further represented that the remote would likely arrive at Plaintiff's house this week.

### B. Plaintiff's wheelchair seat

Second, Plaintiff's wheelchair seat was discussed. Plaintiff has indicated that her wheelchair seat needs to be fixed.

At the teleconference, HCDDS informed the Court that Plaintiff will need to coordinate directly with National Seating (a vendor) to fix the wheelchair seat. HCDDS further indicated that National Seating's Cincinnati contact—Nick Hayden—had already reached out to Plaintiff. In response, Plaintiff agreed that she would coordinate with Mr. Hayden to repair her wheelchair seat.

In accordance with the foregoing, the Court **DIRECTS** Plaintiff to reach out to Mr. Hayden about her wheelchair seat this week. Additionally, the Court **DIRECTS** Plaintiff to confirm that she has done so in her November 13, 2020 email status update to the Court.

### C. Plaintiff's wheelchair ramps

Third, Plaintiff's wheelchair ramps were discussed. Plaintiff has indicated that she needs two new wheelchair ramps—one for her front door, one for her back door.

At the teleconference, Plaintiff agreed that HCDDS can use American Ramp as the vendor for the wheelchair ramps. In response, HCDDS agreed to: (1) reach out to American Ramp for a price quote; and (2) send Plaintiff a My Plan revision form once it received a response.

In accordance with the foregoing, the Court **DIRECTS** HCDDS to contact American Ramp <u>this week</u> for a price quote on Plaintiff's wheelchair ramps. Additionally, the Court **DIRECTS** HCDDS to send Plaintiff a My Plan revision form

3

promptly after it receives an appropriate response. Plaintiff **SHALL** promptly sign and return any My Plan revision form she receives from HCDDS regarding the wheelchair ramps. The Court **DIRECTS** Mr. Smith to confirm that HCDDS has reached out to American Ramp for a price quote in his November 13, 2020 email status update.

### D. Plaintiff's generator

Fourth, Plaintiff's generator was discussed. Plaintiff has asked that a generator be installed at her home to keep her bed inflated in the event of power outages.

At the teleconference, HCDDS informed the Court that only <u>one vendor</u> is able to help Plaintiff install a generator—a vendor called Casualty Restoration.

The Court **DIRECTS** Plaintiff to inform the Court, in her November 13, 2020 email status update, whether she will agree that HCDDS can use Casualty Restoration to help Plaintiff install a generator. If Plaintiff does not agree that HCDDS can use Casualty Restoration to help Plaintiff install a generator, Plaintiff must explain why—in detail.

### E. Medical forms

Finally, Plaintiff's medical authorization forms were discussed. Ms. Padgett mailed the medical authorization forms to Plaintiff on October 29, 2020. Plaintiff has confirmed receipt of the medical authorization forms.

The medical authorization forms are addressed to Medicare, Medicaid, Allstate, Medical Mutual, and the Rawlings Company. The medical authorization forms seek the release of certain information regarding Plaintiff's medical liens. At the teleconference, Plaintiff agreed to sign and mail the medical authorization forms to Ms. Padgett by the end of the day November 10, 2020.

In accordance with the foregoing, the Court **DIRECTS** Plaintiff to sign and mail the medical authorization forms to Ms. Padgett on or before November 10, 2020. Additionally, the Court **DIRECTS** Ms. Pagett to promptly send the medical authorization forms to the appropriate recipients once they are received.  Plaintiff **SHALL** confirm that she has sent the medical authorization forms to Ms. Padgett in her November 13, 2020 email status update.  And Ms. Padgett **SHALL** confirm whether she has received the medical authorization forms from Plaintiff in her November 13, 2020 email status update.

**F. Conclusion**

With the foregoing in mind, **this case is set for another status conference by telephone on November 16, 2020 at 11:30 a.m**.  ALL TELECONFERENCE PARTICIPANTS SHALL CALL: 1-888-684-8852; Access Code: 8411435; Security Code: 123456, and wait for the Court to join the conference.

As a final note, **the Court ADVISES Plaintiff that she is expected to fully and fairly participate in this case.  If Plaintiff fails to provide the Court with a fully responsive email status update on November 13, 2020, the Court may impose sanctions including but not limited to the dismissal of this case**.

The Clerk shall serve a copy of this Order on Plaintiff via certified mail**.**

**IT IS SO ORDERED.**

Date:  11/10/2020

Timothy S. Black
United States District Judge